NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-1503

HELENA LABORATORIES CORPORATION,

Plaintiff-Appellee,

v.

ALPHA SCIENTIFIC CORPORATION,

Defendant-Appellant.

Jerold I. Schneider, Akerman Senterfitt, of West Palm Beach, Florida, argued for plaintiff-appellee.

Joshua R. Slavitt, Pepper Hamilton LLP, of Philadelphia, Pennsylvania, argued for defendant-appellant. With him on the brief were Joseph F. Posillico and Marc S. Segal, Synnestvedt & Lechner LLP, of Philadelphia, Pennsylvania.

Appealed from: United States District Court for the Eastern District of Texas

Judge Ron Clark

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-1503

HELENA LABORATORIES CORPORATION,

Plaintiff-Appellee,

v.

ALPHA SCIENTIFIC CORPORATION,

Defendant-Appellant.

Appeal from the United States District Court for the Eastern District of Texas in case no. 1:06-CV-16, Judge Ron Clark.

_____

DECIDED: April 16, 2008

_____

Before RADER, Circuit Judge, CLEVENGER, Senior Circuit Judge, and MOORE, Circuit Judge.

MOORE, Circuit Judge.

Defendant-Appellant, Alpha Scientific Corporation (Alpha) appeals the judgment of the United States District Court for the Eastern District of Texas granting summary judgment of noninfringement in favor of Plaintiff-Appellee, Helena Laboratories Corporation (Helena). We affirm the judgment of the district court.

BACKGROUND

On January 12, 2006, Helena brought a declaratory judgment action against Alpha for noninfringement and invalidity of U.S. Patent No. 5,344,666 ('666 patent). The invention in question relates to dispensing devices for use with stoppered containers such as blood collection tubes. Alpha counterclaimed for infringement of the

'666 patent. Helena conceded that all of the elements of the claims of the '666 patent, other than "stabilizing supports," are found literally in the H-Pette 3611 dispensing device. The district court construed this term to exclude the "end of the passageway out of which fluid is dispensed." Based on its construction the district court granted summary judgment of noninfringement as to Helena's H-Pette 3611 dispensing device. Subsequently, the district court approved the parties' stipulation of the dismissal of all claims and counterclaims asserted in the action for which summary judgment had not been granted. On July 12, 2007, the district court entered a final judgment in favor of Helena. Alpha appealed.

## DISCUSSION

We review a district court's grant of summary judgment de novo. Hilgraeve Corp. v. McAfee Assocs., Inc., 224 F.3d 1349, 1352 (Fed. Cir. 2000). Summary judgment is proper only "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

A determination of noninfringement, either literal or under the doctrine of equivalents, is a question of fact. IMS Tech., Inc. v. Haas Automation, Inc., 206 F.3d 1422, 1429 (Fed. Cir. 2000). "Thus, on appeal from a grant of summary judgment of noninfringement, we must determine whether, after resolving reasonable factual inferences in favor of the patentee, the district court correctly concluded that no reasonable jury could find infringement." Id. Claim construction is a question of law that we review de novo. Cybor Corp. v. FAS Techs., Inc., 138 F.3d 1448, 1454 (Fed. Cir. 1998) (en banc). Finally, "we review issues relating to the application of prosecution

history estoppel de novo." Conoco, Inc. v. Energy & Envt'l, L.C., 460 F.3d 1349, 1357 (Fed. Cir. 2006).

## I. Claim Construction

In determining the meaning of a disputed claim limitation, we look primarily to the intrinsic evidence of record, examining the claim language, the written description, and the prosecution history. Phillips v. AWH Corp., 415 F.3d 1303, 1312-13 (Fed. Cir. 2005) (en banc). The claims at issue are claims 1-3, 5-7, 9-12, 18, 20, 22-26, 28-34, 39-42, 56, and 57 of which claims 1, 24, and 41 are independent. Claims 1 and 24 are directed to a device for dispensing an amount of fluid from a stoppered container to a target surface. Claim 41 is directed to a method for dispensing an amount of fluid from a stoppered container to a target surface. Each of the independent claims recite the term "stabilizing supports." Representative claim 1 states:

> A device for dispensing an amount of fluid from a stoppered container to a target surface, comprising:
>    a dispenser body having a passageway formed therein,
>    one end of said dispenser body including a surface for engaging said stoppered container and
>    another end of said dispenser body including stabilizing supports for engaging said target surface, and
>    said passageway including means for passing through said stoppered container to interior portions of said stoppered container, for accessing the fluid in said stoppered container and for dispensing said fluid from said passageway and to said target surface responsive to forces applied relative to said dispenser body.

'666 patent col.5 11.55-68 (emphasis added). The district court construed the term "stabilizing supports" to exclude the "end of the passageway out of which fluid is dispensed."[1] We agree.

---

[1] As the specification consistently describes the end of the passageway out of which fluid is dispensed as the "dispensing tip," so shall we.

First, the claim language compels the district court's construction. The three independent claims (1, 24, and 41) include stabilizing supports and a separately claimed structure through which the fluid flows from the interior of the test tube or container to the target surface. Independent claim 1 refers to this latter structure as "a passageway . . . said passageway including means . . . for dispensing said fluid from said passageway and to said target surface." Claim 24 refers to this latter structure as "a passageway" and "passageway means . . . said passageway means includes means . . . for dispensing said fluid from said passageway . . . to said target surface." Claim 41 expressly refers to this latter structure as a "dispensing tip." Independent claims 1 and 24 do not expressly recite a dispensing tip. Moreover, claims 10 and 32 refers to the passageway as including a dispensing tip. These dependent claims support the conclusion that the dispensing tip is part of the passageway and not one of the stabilizing supports.

Second, the written description supports the construction that the stabilizing supports do not include the dispensing tip. No description of stabilizing supports in the '666 patent refers to the dispensing tip and no description of dispensing tip in the '666 patent refers to the stabilizing supports. Each is consistently described as a different structure. For example, the '666 patent states that "[i]t is another objective of this invention to adequately separate stabilizing supports from the dispensing tip by sufficient distance so that the dispensed fluid does not come in contact with the stabilizing supports, thereby avoiding contamination." '666 patent col.2 ll.39-44. Further, as Alpha acknowledges, the invention of the '666 patent involves dispensing a predetermined amount of fluid. The '666 patent explains how the predetermined

amount is dispensed:  (1) "Stabilizing supports are provided so that fluid emerges from a dispensing tip located a predetermined distance above the target surface which determines the quantity of fluid dispensed."  Id. at Abstract; (2) "Flange-like stabilizing supports 26 extend radially outward and axially beyond the end of dispensing tip 22 by a predetermined distance which is related to the amount of dispensed fluid desired."  Id. at col.4 ll.9-12; (3) "Also the stabilizing supports 26 may be furnished with an adjustable component so that various gap distances 33 may be selected to determine the quantity of fluid dispensed."  Id. at col.4 ll.14-18.  Finally, according to the '666 patent: "[t]he supports also transmit reactive force from the target surface to compress the rubber stopper of the closed specimen tube."  Id. at Abstract.  Nowhere does the '666 patent suggest that the dispensing tip transmits the force to the rubber stopper.  Rather, only the plural stabilizing supports must contact the target surface to transmit the force to the stopper and keep the dispensing tip spaced above the target surface during the intended use of the device, dispensing a predetermined amount of fluid.  We agree with the district court that the term stabilizing supports excludes the end of the passageway out of which fluid is dispensed.

## II.  Literal Infringement

We also agree with the district court that Helena's product does not literally infringe the claims at issue.  It is uncontested that the H-Pette 3611 product includes a dispensing tip and a circumferential disk positioned above the dispensing tip such that only one point on the disk may contact a flat target surface at a time.  Furthermore, it is uncontested that the independent claims of the '666 patent require a plurality of stabilizing supports in addition to an end of a passageway.  Because a "stabilizing

support" excludes the dispensing tip, and because the H-Pette 3611 product includes at most a single stabilizing support, no reasonable jury could conclude that the Helena's product literally infringes the claims at issue.

## III. Doctrine of Equivalents

We also agree with the district court that Alpha's claim of infringement under the doctrine of equivalents is barred by prosecution history estoppel. Prosecution history estoppel "limits the doctrine of equivalents when an applicant makes a narrowing amendment for purposes of patentability, or clearly and unmistakably surrenders subject matter by arguments made to an examiner." AquaTex Indus., Inc. v. Techniche Solutions, 419 F.3d 1373, 1382 (Fed. Cir. 2005).

During prosecution, the patent examiner rejected all claims based upon U.S. Patent Nos. 3,366,278 (Fobes) and 3,589,820 (Ward). With respect to the "stabilizing supports" limitation, the patent examiner stated that Fobes fails to teach that the means for dispensing a predetermined amount of fluid is stabilizing supports that contact the target surface but Ward teaches such means. Alpha responded by arguing that neither reference discloses a device capable of dispensing a predetermined amount of fluid. In particular, Alpha argued: (1) "Fobes is incapable of dispensing predetermined amounts of fluid to the engaged target surface. . . ." by noting that "Fobes provides no structure for dispensing a predetermined amount of fluid to the desired surface." (emphasis in original); and (2) "Key to this are applicant's stabilizing supports for engaging the target surface, so that fluid in the container can be accessed and dispensed from the dispensing device to the target surface that it engages." We agree with the district court that the prosecution history requires that the stabilizing supports must keep the

dispensing opening a predetermined distance from the target surface. Alpha's surrender of this subject matter was clear and unmistakable. Further, we agree with the district court that the '666 patent teaches that it is the predetermined distance from the target surface that results in the dispensing of a predetermined amount.

Finally, we also agree with the district court that no reasonable jury could conclude the accused infringing device is capable of dispensing a predetermined amount of fluid. The claims require stabilizing supports that keep the dispensing end a predetermined distance from the target surface which results in a predetermined amount of fluid being dispensed. In contrast, the H-Pette Model 3611 has a disk that serves as its single support. The distance between the target surface and the dispensing end of the accused infringing device is not predetermined but instead will vary with the angle of the application of the disk to the target surface. When pressure is applied to the disk of the H-Pette Model 3611, the amount of fluid dispensed depends on the angle of the application of the disk and the force applied to the disk. We have considered all of Helena's arguments, but conclude that the district court was correct that no reasonable jury could conclude that the accused device is capable of dispensing a predetermined amount of liquid.

For the foregoing reasons we affirm the judgment of the district court.